The undersigned respectfully dissents in part from the Opinion and Award of the majority awarding plaintiff compensation for psychological treatment for depression. Plaintiff asserts that her depression is a direct and natural result of her October 29, 2004 back injury while employed for defendant. However, based upon the evidence and testimony, plaintiff's depression was neither caused nor aggravated by her October 29, 2004 injury.
In plaintiff's July 7, 2005 evaluation by Dr. Herfkens, plaintiff presented with a long history of depression since childhood. Plaintiff reported that from age 8-12 she was sent to live with an aunt but was uncertain why she was singled out to leave the family. Plaintiff indicated in the evaluation that although she did not want a family, she became pregnant at age 17 and quit school to go to work. Plaintiff further gave history of being raped while pregnant at age 17, but had never told anyone. Plaintiff's history further reveals she experienced several traumatic events in her childhood. Her brother who suffers schizophrenia and mental retardation murdered her father by decapitating him. This same brother murdered his wife. In addition, plaintiff noted that she has a strong family history of alcoholism, drug addiction, and mental illness. Plaintiff's doctors testified that theses traumatic events could have caused plaintiff's admittedly pre-existing depression.
None of plaintiff's doctors testified to a reasonable degree of medical certainty that her depression was caused or aggravated by plaintiff's October 29, 2004 injury. When asked if he had an opinion to a reasonable degree of medical certainty whether plaintiff's October 29, 2004 *Page 18 
injury either aggravated or caused plaintiff's depression, Dr. Wilson testified that plaintiff's depression was not caused by plaintiff's October 29, 2004 injury because plaintiff had a history of depression and psychiatric care prior to October 29, 2004. Dr. Wilson further testified that he could not give an opinion whether plaintiff's depression was aggravated by her injury, but that her treating mental healthcare providers who have followed her over the years should form the opinion regarding aggravation of her depression.
Plaintiff did not inform Dr. Phillips or Dr. Musante of her history of treatment for depression. As Dr. Phillips was unaware of plaintiff's pre-exiting depression, he was not able to give an opinion as to whether plaintiff's depression was worse after the her injury or if it had been aggravated. On cross-examination, Dr. Musante ultimately opined that it was possible that plaintiff's depression could have been aggravated by her back injury or for reasons unrelated to her back injury. As the North Carolina Supreme Court has held, mere possibility is legally insufficient to prove causation. Holly v. ACTS, 357 N.C. 228,581 S.E.2d 750 (2003).
In addition, the majority of plaintiff's complaints surrounding her claims of depression are unrelated to her back condition. Based upon the medical records detailing counseling plaintiff received from the North Carolina Division of Mental Health, her central complaints were of being overwhelmed by having to care for her mother and difficulty with personal relationships.
I do not believe plaintiff has met her burden of proof regarding causation. The greater weight of the evidence shows that plaintiff failed to prove that her depression was either caused or aggravated by her October 29, 2004 injury.
 This the __ day of _____ 2006. *Page 19 
S/____________ BUCK LATTIMORE CHAIRMAN